IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRIS ELROY LOVELESS,                      )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )    Case No. CIV-24-00696-JD
                                            )
JEFF SIFERS, District Attorney Agent or     )
Prosecutor, official and individual capacities; )
GINA LOWE, Municipal/District Court         )
Judge, official and individual capacities; and )
JASON HICKS, District Attorney, official and )
individual capacities,                      )
                                            )
        Defendants.                         )

## **ORDER**

Plaintiff Chris Elroy Loveless filed a 42 U.S.C. § 1983 complaint against

Defendants Jeff Sifers, Gina Lowe, and Jason Hicks, relating to purported constitutional

claims over his criminal case for intimidation of a witness, pending in the District Court

of Grady County, Case No. CF-2024-89.[1] The Court referred this matter to United States

Magistrate Judge Shon T. Erwin. [Doc. No. 4].

Judge Erwin issued a thorough Report and Recommendation on August 1, 2024,

recommending that the Court dismiss the complaint for failure to state a claim for which

---

[1] Loveless argues in the objection that he mentions Grady County Case No. CF-2022-165 for background and as context for his current civil rights action over Grady County Case No. CF-2024-89. *See* [Doc. No. 7 at 2 and 6]. However, the Court notes for the record that it previously dismissed Loveless' § 1983 complaint asserting constitutional claims over CF-2022-165, over a year before Loveless filed this action on July 10, 2024. *See Loveless v. Peek*, et al., Case No. 22-CV-00941-JD (W.D.O.K.) (Order & Judgment entered on Mar. 30, 2023).

relief may be granted. [Doc. No. 5]. Specifically, Judge Erwin explained that the original

complaint "is unclear regarding the actual constitutional violations allegedly committed

by each individual Defendant," as the complaint does not make clear exactly who is

alleged to have done what to whom and does not provide the defendants with fair notice

of Loveless' claims. *Id.* at 5. Judge Erwin also noted that Loveless had failed to pay the

$405.00 filing fee or file a motion to proceed in forma pauperis. *Id.* at 6. Judge Erwin

explained that Loveless had a right to object to the Report and Recommendation by

August 19, 2024, and that failure to object would waive the findings and

recommendations made in the Report and Recommendation. *Id.* at 6–7.

Loveless paid the filing fee of $405.00 on August 8, 2024, within the time period

to object to the Report and Recommendation. [Doc. No. 6]. Loveless also timely filed an

objection. [Doc. No. 7]. Though this Court does not construe his objection to contest the

findings and recommendations by Judge Erwin that his original complaint failed to state a

claim,[2] liberally construing the objection, Loveless seeks to amend his complaint and

provide more factual specificity.[3]

---

[2] *See United States v. 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A]
party's objections to the magistrate judge's report and recommendation must be both
timely and specific to preserve an issue for de novo review by the district court or for
appellate review."); *see also* Fed. R. Civ. P. 72(b)(2) (explaining that a party may file
"specific" written objections to the proposed findings and recommendations in the report
and recommendation).

[3] It is not proper to include a motion in a response to a Report and
Recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b); LCvR7.1(c). Therefore, except as
specified in this Order, the Court declines to grant any other relief requested in the
objection.

Upon its de novo review of the record, the Court agrees with Judge Erwin that Loveless fails to state a claim in his original complaint. Outside of generally asserting his constitutional rights have been violated, Loveless does little in the original complaint to support his allegations with facts to show each defendant's role and how that defendant violated his constitutional rights. The Court therefore ADOPTS the Report and Recommendation that Loveless fails to state a claim in his original complaint.

However, liberally construing Loveless' objection as a request to file an amended complaint, the Court grants that request and will permit Loveless 14 days from the date of this Order to file an amended complaint on the proper pro se prisoner civil rights complaint form[4] to add any necessary factual allegations to state plausible claims against each defendant and to attempt to overcome the deficiencies identified in the Report and Recommendation regarding the original complaint. If Loveless does not file an amended complaint on the proper form within 14 days, then the Court will promptly enter its judgment dismissing this action without prejudice to refiling. The Court directs the clerk to mail a copy of this Order and the pro se prisoner civil rights complaint form to Loveless. Loveless should avoid filing other motions directed at the Court until the Court determines if he has stated a claim that may proceed. Failure by Loveless to abide by this

---

[4] Loveless cannot amend his pleading through his objection to the Report and Recommendation. He must file an amended complaint on the proper form and in compliance with the rules. *See* Fed. R. Civ. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). Even though he is proceeding pro se, Loveless is still subject to the same requirements as represented parties, including following court orders and the Federal and Local Civil Rules of Procedure.

Order will result in sanctions, which may include striking his filings and dismissal of his

action without prejudice.

IT IS SO ORDERED this 3rd day of September 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE