IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS,  )<br>  )<br>       Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JEFF SIFERS, Assistant District  )<br>Attorney, official and individual  )<br>capacities; JUDGE GINA LOWE,  )<br>District Court Judge for Grady County;  )<br>and JASON M. HICKS, Grady County  )<br>District Attorney,  )<br>  )<br>       Defendants.  )  | Case No. CIV-24-00696-JD |

## ORDER

Before the Court is a Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Shon T. Erwin on October 17, 2024. [Doc. No. 11]. Judge Erwin recommends that the Court dismiss Plaintiff Chris Elroy Loveless's amended complaint [Doc. No. 9] in its entirety for failure to state a claim upon which relief may be granted. R. & R. at 12. Mr. Loveless filed a timely objection. [Doc. No. 12]. Upon de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court accepts the Report and Recommendation and dismisses the amended complaint.

I. **BACKGROUND**

Mr. Loveless is a prisoner in state custody. Loveless initiated this 42 U.S.C. § 1983 action on July 10, 2024, alleging violations of his constitutional rights arising out of his state-court prosecution and conviction for intimidation of a witness in *State v.*

*Loveless*, Case No. CF-2024-89, in the District Court of Grady County, Oklahoma.[1] *See* [Doc. No. 1]. Judge Erwin issued a report and recommendation, recommending that the Court dismiss Loveless's complaint for failure to state a claim upon which relief may be granted. [Doc. No. 5]. Loveless objected [Doc. No. 7], so the Court reviewed the record and the report and recommendation de novo. [Doc. No. 8]. The Court agreed with Judge Erwin's conclusion that the complaint failed to state a claim because "[o]utside of generally asserting his constitutional rights have been violated, Loveless does little . . . to support his allegations with facts to show each defendant's role and how that defendant violated his constitutional rights." *Id.* at 3. Nonetheless, the Court liberally construed Loveless's objection as a request for leave to file an amended complaint, which the Court granted. *Id.*

Mr. Loveless filed an amended complaint. [Doc. No. 9]. The amended complaint raises a litany of claims arising out of an incident on April 26, 2024, when Loveless and Morgan Roberts went to the Grady County Court Clerk's office to obtain a marriage license. *Id.* at 9–13. At the time, Ms. Roberts was an endorsed witness of the State in an ongoing criminal action against Mr. Loveless. *State v. Loveless*, Case No. CF-2022-165

---

[1] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court thus takes notice of the dockets in Loveless's Grady County criminal cases. *State v. Loveless*, Case No. CF-2024-89, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2024-89 (last accessed May 22, 2025); *State v. Loveless*, Case No. CF-2022-165, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=grady&number=CF-2022-165 (last accessed May 22, 2025).

(Grady Cnty., Okla.). Loveless alleges that when he and Ms. Roberts applied for a marriage license, an employee with the court clerk's office notified Grady County Assistant District Attorney Jeff Sifers. [Doc. No. 9 at 11]. "[P]ure chaos" then ensued when Bill Bybee, a "Private Investigator [who] represented the Grady County District Attorney's office," arrived and asked Ms. Roberts to "go with him." *Id.* at 10–11. Four days after this incident, Mr. Loveless was arrested and charged with intimidation of a witness, a felony offense. *State v. Loveless*, Case No. CF-2024-89 (Grady Cnty., Okla.) (filed Apr. 30, 2024). Loveless pleaded guilty to this offense on August 2, 2024;[2] his guilty plea states: "On April 26th, 2024, In Grady County, I attempted to obtain a marriage license with Morgan Lee Roberts against her will in an attempt to prevent her appearance in court, when Morgan Lee Roberts was an endorsed witness of the State." *Id.*

The amended complaint names three defendants: (1) Grady County Assistant District Attorney Jeff Sifers in his official and individual capacities; (2) Grady County District Court Judge Gina Lowe; and (3) Grady County District Attorney Jason Hicks. [Doc. No. 9 at 7–8]. The amended complaint alleges several claims against Defendant Sifers, including that an employee of the Grady County Clerk's Office informed the district attorney's office that Loveless applied for a marriage license, which Loveless alleges violated the First Amendment and the Oklahoma Constitution. *Id.* at 11. The

---

[2] Loveless later moved to withdraw his guilty plea, and the state district court denied his motion after a hearing. Loveless has appealed the district court's denial of his motion. *Loveless v. State*, Case No. C-2024-827 (Okla. Crim. App.), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=C-2024-827&cmid=138775 (last accessed May 22, 2025).

3

amended complaint lists fourteen additional "claims" against Defendant Sifers:

1) False arrest;

2) Unlawful arrest;

3) "Charged with a Crime that does not exist";

4) "[Fraudulent] and Spurious Statements in a Court of Law and to the Tribunal";

5) "Falsified the Documents and created illegal Written Testimony of untruthful events";

6) Recommending excessive bail in violation of the Rules of Professional Conduct and Oklahoma law;

7) "Abuse of Discretion using Government Authority, to have Court Clerks view and comment on the []Privileged and Private Personal Information from Private Citizens with total abuse using the Color of Office to put fear in [employees] to produce such behavior";

8) The affidavit in support of his arrest "was back dated and not signed by a Tribunal or Judicial Administration till after the fact of the Arrest";

9) "District Attorney Instigated the False Arrest, and provided defamatory statements, that were not true in nature or in context";

10) "False charge of a Public Offense that did not happen or Occur";

11) False imprisonment;

12) Intentional infliction of emotional distress;

13) Malicious prosecution; and

      14) Vindictive prosecution.

*Id.* at 11–12. Loveless alleges that Defendant Hicks "is also responsible for the actions" of Defendant Sifers because Sifers "is an Employee of Mr. Hicks and the State." *Id.* at 12.

    The amended complaint raises three claims against Defendant Lowe:

      1) False imprisonment;

      2) "Deprivation of Freedom Under the 9th and 14th U.S. Amendments" and "abuse of Judicial Power"; and

      3) "Charged [Plaintiff] with a Crime that does not meet any actions of a Public Offense, charge wa[s] pure Personal Based at the willingness of the Prosecutor, but the judge is responsible for her negligence and abuse of Power given her by the State of Oklahoma."

*Id.* at 12–13. Loveless seeks injunctive relief as well as compensatory and punitive damages. *Id.* at 13.

    Judge Erwin recommends dismissing the amended complaint in its entirety for failure to state a claim upon which relief may be granted. R. & R. at 12. Regarding the claims against Defendant Sifers, the R. & R. first notes that Loveless's claim under the First Amendment and Oklahoma Constitution alleges an employee of the Grady County Court Clerk's Office—not Defendant Sifers—violated Mr. Loveless's rights. *Id.* at 6–7. The R. & R. further explains that there are no alleged facts linking Defendant Sifers and the Grady County Court Clerk's employee. *See id.* at 10. Judge Erwin recommends dismissing the remainder of Loveless's claims because the amended complaint fails to "make clear exactly *who* is alleged to have done *what* to *whom*," and it does not explain

how any of Defendant Sifers's specific actions violated Loveless's constitutional rights, link Defendant Sifers to the purported violation of rights, or explain Defendant Sifers's role in the alleged wrongdoing. *Id.* at 7–11 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)); *see also* [Doc. No. 5 at 5] (noting that Loveless's original complaint failed to satisfy this requirement). In addition, the R. & R. recommends dismissing the claim that Loveless was charged with a crime that does not exist—obtaining an application—because "[t]his is an untrue statement, as [Loveless] was charged with Intimidating a Witness, in violation of 21 O.S. § 455." R. & R. at 8. As for Loveless's excessive bail claim, Judge Erwin recommends dismissal because "Plaintiff does not allege that Mr. Sifers (1) 'deliberately or recklessly misled the judicial officer who set bail;' and does not allege that (2) 'bail would not have been unconstitutionally excessive but for [Mr. Sifers's] misrepresentations.'" *Id.* at 9–10 (quoting *Masad v. Nanney*, No. 14-CV-00577-MJW, 2014 WL 4265848, at *6 (D. Colo. Aug. 27, 2014)).

The R. & R. recommends dismissing the claims against Defendant Hicks because vicarious liability is inapplicable to § 1983 suits and Loveless has failed to show any affirmative link between Defendant Hicks and any constitutional violation caused by Defendant Sifers. *Id.* at 11–12. To the extent any claim is directed at Defendant Hicks as the District Attorney, such as the alleged claim that the District Attorney instigated the false arrest or provided defamatory statements, the R. & R. recommends dismissal because Loveless has failed to provide specific details regarding how Hicks "instigated the false arrest" or what the "defamatory statements" are. *Id.* at 10–11.

Lastly, Judge Erwin recommends dismissing the claims against Defendant Lowe because the amended complaint does not specify how she allegedly violated Loveless's rights. *Id.* at 12. In addition, Loveless's "final allegation, which is framed as negligence and abuse of power seems to be premised on Plaintiff's misguided belief that he was arrested for applying for a marriage application, which simply is not true." *Id.*

Mr. Loveless filed a timely objection to the R. & R. [Doc. No. 12]. The objection essentially repeats the allegations in the amended complaint without offering further factual support. Loveless argues that Defendant Sifers "used his authority illegally to have Mr. Loveless arrested without any cause of action" for "applying for a marriage application and no other reason." *Id.* at 4.[3] In addition, Loveless argues, Defendant Sifers "either manipulated the Court" or conspired with Defendant Lowe to set his bail at an "amount that is excessive in relation to the valid interests" it sought to achieve. [Doc. No. 12 at 17]. Finally, Loveless contends that the "process of discovery will prove there are no conclusory allegations" and that discovery "will affirm the allegations." *Id.* at 17, 21.

## II. <u>LEGAL STANDARDS</u>

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept,

---

[3] Loveless argues that Defendant Sifers violated Title 18 of the United States Code by making "a false declaration." *Id.* at 3. But assertions of violations of federal criminal statutes found in Title 18 cannot support a civil claim, as these provisions do not create a private right of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (recognizing that federal criminal statutes "do not provide for a private right of action and are thus not enforceable through a civil action").

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will . . . . preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

Judge Erwin recommends dismissal of this action pursuant to 28 U.S.C. § 1915A(a)–(b), which requires dismissal of a civil action "in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" if the complaint "fails to state a claim upon which relief may be granted." The same standard applies to dismissals under this provision as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under this standard, the Court accepts the well-pleaded facts alleged as true and views them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

8

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Id.* at 678–79. However, if the plaintiff does not first state a plausible claim, then the plaintiff "is not entitled to discovery." *Id.* at 686; *see id.* at 678–79 (explaining that "a plaintiff armed with nothing more than conclusions" is not entitled to "unlock the doors of discovery"); *see also Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 150 (10th Cir. 2022) (same); *Hoang v. Wilkie*, No. 1:18-CV-01755-RM-KLM, 2020 WL 6156563, at *7 (D. Colo. Oct. 21, 2020) (recognizing that "discovery is not a tool to be used to cure pleading deficiencies") (citing *Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process . . . .")).

    Loveless is proceeding pro se, so his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III. ANALYSIS

Although Loveless filed a timely objection to the R. & R., his objection is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *2121 E. 30th St.*, 73 F.3d at 1060. Yet the Court has reviewed the record—including the R. & R. and Loveless's objection—de novo.

Upon its review, the Court adopts Judge Erwin's recommendation in its entirety. Judge Erwin's thorough R. & R. has "dealt with the issues fully and accurately," and the Court "could add little of value to that analysis." *Griego*, 64 F.3d at 584. The Court agrees that Loveless's amended complaint does not cure the deficiencies of his original complaint; the amended complaint fails to provide any specific factual allegations that show how the defendants violated Loveless's constitutional rights. Nothing in Loveless's objection leads the Court to find any error in Judge Erwin's analysis, which the Court adopts in full. Loveless is not entitled to discovery if he cannot first state a plausible claim, and the Court determines he has not done so.

### IV. CONCLUSION

The Court ACCEPTS the Report and Recommendation [Doc. No. 11] and DISMISSES the amended complaint without prejudice. The Court DENIES as moot Loveless's Motion for U.S. Marshal Service Plaintiff's Subpoena Duces Tecum [Doc. No. 13].

IT IS SO ORDERED this 22nd day of May 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE